1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Kirk E. Rudan,                    )    No. CV 10-1093-PHX-JAT (MEA)
                                      )
10           Petitioner,              )    **ORDER**
                                      )
11   vs.                              )
                                      )
12                                    )
     J. Schomig, et al.,              )
13                                    )
             Respondents.             )
14                                    )
                                      )
15   _____)

16          Petitioner Kirk E. Rudan, who is confined in the Red Rock Correctional Center in

17   Eloy, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

18   § 2254 (Doc. #1) and a "Motion for Appointment of Counsel" (Doc. #4).  The $5.00 filing

19   fee has been paid.

20          The Court will deny Petitioner's Motion without prejudice and dismiss the Petition

21   without prejudice.  Petitioner will be given 30 days from the filing date of this Order to file

22   his amended petition on the court-approved form included with this Order.

23   **I.     Petition**

24          Petitioner names J. Schomig as Respondent.  The Attorney General of the State of

25   Arizona is named as an Additional Respondent.

26          Petitioner sole ground for relief in his Petition is that he is "entitled to writ and

27   discharge as the [R]espondents detain the [P]etitioner pursuant to an illegal sentence in which

28

JDDL

the true calculation of his release date is in grave error" and that "Respondents violate Petitioner[']s civil rights and detain without authority and in violation of federal law as the [P]etitioner can[]not be detained pursuant to due process with an illegal sentence." Petitioner states that he "is being held in violation of his civil rights by CCA prison Arizona (under illegal sentenc[e]) entitled to Habeas Corpus release and damages pursuant to (42 U.S.C. 1983) ([P]etitioner requests 1 million dollar[s] in damages)." Petitioner does not allege that he has exhausted his ground for relief by presenting the issue raised to a state court.

## II.    Dismissal of Petition with Leave to Amend

In response to the section of the court-approved Petition form that calls for the "[n]ame and location of court that entered the judgment of conviction you are challenging," Petitioner has written "Red Rocks Correctional Center/Eloy Arizona 85231 28 U.S.C. 2241 (Execution of Sentence) Claim." Petitioner has written "N/A" in response to all the other sections on the court-approved Petition form calling for details of Petitioner's conviction in state court, his sentence, his appeals, and his post-conviction petitions. Also, Petitioner does not indicate whether or not he has filed any type of petition, application or motion in a federal court regarding the conviction that he challenges in the Petition.

Although Petitioner attempts to style his Petition as one challenging the execution of his sentence, the underlying challenge is clearly to what he describes as "an illegal sentence." Because Petitioner has not provided the required details about his conviction and sentence, the Petition is not reviewable in any meaningful way.[1] Accordingly, the Court will dismiss the Petition without prejudice, with leave to amend to file an amended petition on a court-approved form. Petitioner's amended petition should be **completely filled** in to the extent applicable, should clearly set out each claim Petitioner is making, and should also provide information as to how Petitioner has first exhausted his administrative remedies as to each

---

[1]One of the attachments to the Petition includes an "Abstract Of Judgment - Prison Commitment" from the "Superior Court Of California, County Of Los Angeles." Presumably, this is the state conviction and sentence that is at issue in the Petition. However, Petitioner has not made this clear in his Petition.

and every claim.[2]

For each ground Petitioner alleges in an amended petition, he must allege how he is in custody in violation of the Constitution or laws or treaties of the United States. Petitioner must limit each ground to the allegation of the violation of a single constitutional right, must describe the right and its source in the United States Constitution, and must clearly state supporting facts showing how that constitutional right was violated. The grounds and facts must be clearly set out as fully as possible on the court-approved petition form itself. If Petitioner cannot fit all of his supporting facts or arguments in favor of a particular ground on the court-approved form, then he may continue on an attachment, but each matter on any attachment must be clearly referenced to a particular ground on the court-approved form.

Petitioner should note that by amending his Petition, he will be presumed to have deliberately waived his right to raise any constitutional errors or deprivations other than those set forth in his amended habeas petition, and the Court may dismiss any subsequent petitions. 28 U.S.C. § 2244.[3]

Petitioner should further note that all grounds alleged in his original Petition which are not alleged in any amended petition will be waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987).

---

[2]A prisoner attacking his or her state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Rose, 455 U.S. at 521-22. The failure to exhaust subjects the Petitioner to dismissal. Gutierrez v. Griggs, 695 F.2d 1195 (9th Cir. 1983).

[3]Title 28 U.S.C. § 2244(b) states that a District Court shall dismiss a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application, except under certain circumstances. Furthermore, under 28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in the district court, the applicant shall move in the court of appeals for an order authorizing the district court to consider the application.

JDDL

Lastly, Petitioner should note that damages are not an available remedy in a habeas corpus action. Accordingly, to the extent that Petitioner seeks damages pursuant to 42 U.S.C. § 1983, he must file a civil rights complaint in a new case with either an Application to Proceed *In Forma Pauperis* and a six-month trust account statement or payment of the $350 filing fee.[4]

### III. Motion for Appointment of Counsel

In Petitioner's "Motion for Appointment of Counsel" (Doc. #4), Petitioner seeks the appointment of counsel to provide due process protection and the means to provide discovery. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970); Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965)). However, the Court has discretion to appoint counsel when "the interests of justice so requires." 18 U.S.C. § 3006A(a)(2).

Petitioner has not made the necessary showing for appointment of counsel at this time. Accordingly, Petitioner's Motion will be denied without prejudice. If, at a later date, the Court determines that an evidentiary hearing is required, counsel will be appointed in accordance with Rule 8(c) of the Rules Governing Section 2254 Proceedings.

### IV. Warnings

#### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

---

[4] Local Rule of Civil Procedure 3.4(a) requires prisoners to use the court-approved form complaint for civil rights cases and the court-approved Application to Proceed *In Forma Pauperis* form.

**B. Copies**

Petitioner must submit an additional copy of every document that he files for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C. Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Petitioner's "Motion for Appointment of Counsel" (Doc. #4) is **denied without prejudice**.

(2)     The Petition (Doc. #1) is **dismissed without prejudice**. Petitioner has **30 days** from the date this Order is filed to file an amended petition that complies with this Order.

(3)     If Petitioner fails to file an amended petition within 30 days, the Clerk of Court **must enter** a judgment of dismissal without prejudice of this action.

(4)     The Clerk of Court **must provide** to Petitioner a current court-approved form for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

DATED this 8th day of June, 2010.

James A. Teilborg
United States District Judge

**Instructions for Filing a Petition Under 28 U.S.C. § 2254
for a Writ of Habeas Corpus by a Person in State Custody
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence on the grounds that your conviction or sentence violates the United States Constitution or other federal law.  You also may use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3.  <u>Your Signature</u>. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.    The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed *in forma pauperis* by completing and signing the Application to Proceed *In Forma Pauperis* provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should **file your petition in the division where you were convicted**.  <u>See</u> LRCiv 5.1(b).  If you are challenging a judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila County, file your petition in the Phoenix Division. If you are challenging a judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai County, file your petition in the Prescott Division.  If you are challenging a judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file your petition in the Tucson Division.  <u>See</u> LRCiv 5.1(b) and 77.1(a).

**Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona 85003-2119 | | Tucson, Arizona 85701-5010 |

7. Change of Address. You must immediately notify the Court and respondents in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. Certificate of Service. You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed *in forma pauperis*). Each original document (except the initial petition and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed. Fed. R. Civ. P. 5(a), (d). Any document received by the Court that does not include a certificate of service may be stricken. A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name: _____
> Address:_____
>     Attorney for Respondent(s)
> _____
> (Signature)

9. Amended Petition. If you need to change any of the information in the initial petition, you must file an amended petition. The amended petition must be written on the court-approved form. You may file one amended petition without leave (permission) of Court before any respondent has answered your original petition. See Fed. R. Civ. P. 15(a). After any respondent has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended petition. LRCiv 15.1. An amended petition may not incorporate by reference any part of your prior petition. LRCiv 15.1(a)(2). **Any grounds not included in the amended petition are considered dismissed**.

10. Exhibits. If available, you should attach a copy of all state and federal court written decisions regarding the conviction you are challenging. Do **not** submit any other exhibits with the petition. Instead, you should paraphrase the relevant information in the petition.

11. Letters and Motions. It is generally inappropriate to write a letter to any judge or the staff of any judge. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. <u>Warnings</u>.

    a. <u>Judgment Entered by a Single Court.</u>  You may challenge the judgment entered by only one court.  Multiple counts which resulted in a judgment by the same court may be challenged in the same petition.  If you wish to challenge judgments entered by more than one court, however, you must file separate petitions for each judgment.

    b. <u>Grounds for Relief.</u>  You must raise all grounds for relief that relate to this conviction or sentence.  Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.

    c. <u>Exhaustion</u>.  In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court.  If you did not fairly present each of your grounds to the Arizona Court of Appeals, your petition may be dismissed.  If you did not present one or more of your grounds to the Arizona Court of Appeals, explain why you did not.

## FINAL NOTE

    You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
                                     )
(Full Name of Petitioner)            )
        Petitioner,          )
                                     )
     vs.                          )  **CASE NO.** _____
                                     )
                                     )       (To be supplied by the Clerk)
_____ ,  )
                                     )
(Name of the Director of the Department of   )
Corrections, Jailor or authorized person having )
custody of Petitioner)               )  **PETITION UNDER 28 U.S.C. § 2254**
                                     )  **FOR A WRIT OF HABEAS CORPUS**
                                     )  **BY A PERSON IN STATE CUSTODY**
      Respondent,          )  **(NON-DEATH PENALTY)**
      and                  )
The Attorney General of the State of _____ , )
                                     )
    Additional Respondent.        )
_____    )

## PETITION

1. (a)  Name and location of court that entered the judgment of conviction you are challenging: _____

_____

_____

   (b)  Criminal docket or case number: _____

2. Date of judgment of conviction: _____

3. In this case, were you convicted on more than one count or crime?    Yes ☐    No ☐

**530**

4.  Identify all counts and crimes for which you were convicted and sentenced in this case: _____

_____

_____

_____

5.  Length of sentence for each count or crime for which you were convicted in this case: _____

_____

_____

_____

6.  (a) What was your plea?

    Not guilty                      ☐

    Guilty                           ☐

    Nolo contendere (no contest)    ☐

(b)  If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: _____

_____

_____

_____

(c)  If you went to trial, what kind of trial did you have?  (Check one)    Jury ☐        Judge only ☐

7.  Did you testify at the trial?    Yes ☐        No ☐

8.  Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
Yes ☐    No ☐

If yes, answer the following:

(a)  Date you filed: _____

(b)  Docket or case number: _____

(c)  Result: _____

(d)  Date of result: _____

(e)  Grounds raised: _____

_____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

9.  Did you appeal to the Arizona Supreme Court?        Yes ☐        No ☐

    If yes, answer the following:

    (a) Date you filed: _____

    (b) Docket or case number: _____

    (c) Result: _____

    (d) Date of result: _____

    (e) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10. Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐      No ☐

    If yes, answer the following:

    (a) Date you filed: _____

    (b) Docket or case number: _____

    (c) Result: _____

    (d) Date of result: _____

    (e) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court?        Yes ☐        No ☐

    If yes, answer the following:

(a)  First Petition.

   (1)  Date you filed: _____

   (2)  Name of court: _____

   (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

   (4)  Docket or case number: _____

   (5)  Result: _____

   (6)  Date of result: _____

   (7)  Grounds raised: _____
   _____
   _____
   _____
   _____
   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b)  Second Petition.

   (1)  Date you filed: _____

   (2)  Name of court: _____

   (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

   (4)  Docket or case number: _____

   (5)  Result: _____

   (6)  Date of result: _____

   (7)  Grounds raised: _____
   _____
   _____
   _____
   _____
   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c)  Third Petition.

   (1)  Date you filed: _____

   (2)  Name of court: _____

   (3)  Nature of the proceeding (Rule 32, special action or habeas corpus): _____

   (4)  Docket or case number: _____

   (5)  Result: _____

   (6)  Date of result: _____

   (7)  Grounds raised: _____

   _____

   _____

   _____

   _____

   **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d)  Did you appeal the action taken on your petition, application, or motion to the:

|  | Arizona Court of Appeals: | | Arizona Supreme Court: | |
|---|---|---|---|---|
| (1)  First petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (2)  Second petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (3)  Third petition | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

(e)  If you did not appeal to the Arizona Court of Appeals, explain why you did not: _____

_____

_____

_____

_____

_____

12.  For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

   **<u>CAUTION:</u>**  <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE**: _____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b) Did you present the issue raised in Ground One to the Arizona Court of Appeals?  Yes ☐        No ☐

    (c) If yes, did you present the issue in a:
        Direct appeal       ☐
        First petition       ☐
        Second petition    ☐
        Third petition      ☐

    (d)  If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

    (e) Did you present the issue raised in Ground One to the Arizona Supreme Court?  Yes ☐        No ☐

**GROUND TWO**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals?  Yes ☐        No ☐

(c) If yes, did you present the issue in a:
      Direct appeal         ☐
      First petition         ☐
      Second petition      ☐
      Third petition        ☐

(d)  If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: _____

_____

_____

_____

_____

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court?  Yes ☐        No ☐

**GROUND THREE**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals?  Yes ☐      No ☐

    (c) If yes, did you present the issue in a:
          Direct appeal      ☐
          First petition      ☐
          Second petition   ☐
          Third petition     ☐

    (d)  If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: ___

_____

_____

_____

_____

    (e) Did you present the issue raised in Ground Three to the Arizona Supreme Court?  Yes ☐      No ☐

8

**GROUND FOUR**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals?  Yes ☐      No ☐

    (c) If yes, did you present the issue in a:
        Direct appeal     ☐
        First petition     ☐
        Second petition   ☐
        Third petition    ☐

    (d)  If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: ____

_____

_____

_____

_____

    (e) Did you present the issue raised in Ground Four to the Arizona Supreme Court?  Yes ☐      No ☐

**Please answer these additional questions about this petition:**

13.  Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐        No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available: _____

_____

_____

_____

_____

_____

_____

14.  Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging?     Yes ☐        No ☐

    If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: _____

_____

_____

_____

_____

_____

_____

15.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging?     Yes ☐        No ☐

    If yes, answer the following:

    (a) Name and location of the court that imposed the sentence to be served in the future:

_____

_____

_____

    (b)  Date that the other sentence was imposed: _____

    (c)  Length of the other sentence: _____

    (d)  Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future?     Yes ☐        No ☐

16.  TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Section 2244(d) provides in part that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17.  Petitioner asks that the Court grant the following relief: _____
_____
_____
_____
or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).


_____

**Signature of Petitioner**


_____          _____

Signature of attorney, if any                                                      Date

11